**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| BRANDEIS UNIVERSITY,<br><br>        Plaintiff,<br><br>    v.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>        Defendant. | Civil Action No. 1:25-cv-12780 |

## MEMORANDUM IN SUPPORT OF BRANDEIS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff Brandeis University ("Brandeis"), by and through its counsel, respectfully submits this Memorandum in support of its Motion for Leave to File a Second Amended Complaint.

## PRELIMINARY STATEMENT

Bio-Rad is a party to an Agreement[1] (Doc. No. 46-1) that allows it exclusive use of Brandeis' Licensed IP in return for reasonable efforts to develop and commercialize Licensed Products and royalties to Brandeis on such products. The Agreement also gives Bio-Rad first rights to prosecute infringement of the Licensed IP by third parties, but requires that Bio-Rad provide notice to Brandeis of any actual, potential, or threatened infringement by such parties with "reasonable promptness." As described below, Bio-Rad suspected non-party Quanterix, Inc. ("Quanterix") of infringement as early as August 2018, yet failed to notify Brandeis until March of this year. This late notice is an independent breach of the Agreement and is also further evidence of Bio-Rad's overall intent to reap the benefits of the Licensed IP while neglecting its contractual

---

[1] Unless otherwise noted, capitalized terms have the same definitions and cite to the same material as in Brandeis' First Amended Complaint (Doc. No. 46) (the "Amended Complaint" or "Am. Compl.").

obligations to Brandeis. Therefore, it is in the interest of justice that Brandeis be permitted to file a Second Amended Complaint addressing this breach of the Agreement.

## **FACTUAL BACKGROUND**

Section 6 of the Agreement addresses infringement of the Licensed IP and outlines the rights and responsibilities of Brandeis and Bio-Rad with respect to such activity. Specifically, Section 6.1 requires that "[i]f either party becomes aware of any actual, potential, or threatened infringement, misappropriation, act of unfair competition, or other harmful or wrongful activities of third parties with respect to the Patent Rights[2], such party shall, *with reasonable promptness*, notify the other party and provide relevant information and documentation" (emphasis added). This obligation was in effect when Bio-Rad acquired Raindance (the original licensee) in 2017 and was unchanged by the subsequent amendment negotiated between Bio-Rad and Brandeis on March 21, 2019. *Id*; Agreement Amendment No. 1; Am. Compl. ¶¶ 15-17.

Via an August 28, 2018 letter, Bio-Rad contacted Quanterix, identifying Bio-Rad as the exclusive licensee of the '221 Patent. *See* Declaration of Rajnish Kaushik ("Kaushik Decl.") Ex. 1 at 1. The letter went on to claim that several of Quanterix's products "utilize[d] technology covered by the '221 Patent" and invited Quanterix to license the patent. *Id.* at 2. Bio-Rad did not notify Brandeis that it suspected Quanterix of infringement when it sent this letter. *See* Kaushik Decl. ¶ 8.

---

[2] The Agreement defines "Patent Rights" to include the patent applications that ultimately issued as the '221 Patent and '046 Patent, as well as any division or continuation issued from those patents. Agreement Section 1.8, Exhibit B; Am. Compl. ¶¶ 10-12, 15-17.

In subsequent letters to Quanterix, Bio-Rad repeated its assertion that Quanterix's products infringed the '221 Patent (and patents issued as divisionals or continuations of the '221 Patent[3]). *See* Kaushik Decl. Exs. 2 (July 23, 2019 letter), 3 (August 13, 2021 letter), and 4 (May 24, 2024 letter). Bio-Rad did not notify Brandeis of any of these subsequent letters when they were sent. *See* Kaushik Decl. ¶ 8. On March 12, 2026, Bio-Rad sent one more letter to Quanterix, continuing to allege infringement and referencing its prior letters. Kaushik Decl. Ex. 5. Finally, via a letter dated March 19, 2026, Bio-Rad notified Brandeis of its communications with Quanterix. Kaushik Decl. Ex. 6. Brandeis received this correspondence on March 23, 2026. Kaushik Decl. ¶ 6. At no time prior to March 23, 2026 was Brandeis aware of Bio-Rad's communications with Quanterix or its belief that Quanterix's products infringed the '221 Patent (or its subsequent divisional and continuation patents). Kaushik Decl. ¶¶ 7-8.

Since acquiring RainDance, the only information that Bio-Rad has ever provided to Brandeis regarding licensing efforts has been through its Annual Reports (as required by Section 3.2 of the Agreement), which never mentioned Quanterix. Kaushik Decl. ¶ 9; Agreement § 3.2. Instead, these reports only vaguely stated that Bio-Rad was attempting to sublicense the Licensed IP to third parties. Am. Compl. ¶ 31. Thus, Brandeis could not have alleged this notice-breach claim earlier because the predicate fact—Bio-Rad's delayed contractual notice—only crystallized upon Bio-Rad's March 2026 disclosures.

## ARGUMENT

Per Fed. R. Civ. P. 15(a)(2), parties may amend their pleadings with consent of the opposing party or leave of the court, and the court "should freely give leave when justice so

---

[3] Bio-Rad's May 24, 2024 letter to Quanterix ultimately alleges infringement of five patents, claiming they are "under exclusive license to Bio-Rad from Brandeis University." Kaushik Decl. Ex. 4.

3

requires." This deferential standard favors amendment unless the facts show factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Amyndas Pharmaceuticals, S.A.* v. *Zealand Pharma A/S*, 48 F.4th 18, 36 (1st Cir. 2022) (quoting *Foman* v. *Davis*, 371 U.S. 178, 182 (1962). "Futility" is evaluated under Rule 12(b)(6): an amendment is not futile if the proposed pleading states a plausible claim for relief. *Amyndas Pharms.*, 48 F.4th at 40-42. Here, none of the factors favor denial of Brandeis' Motion.

### 1. The Amendment Is Not Futile

The requested amendment would not be futile, as the case has not proceeded to discovery and the facts above establish much more than the required "general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." *Hatch* v. *Dep't. for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (internal citation omitted). Although Bio-Rad believed Quanterix was infringing the '221 Patent as early as August of 2018, it did not notify Brandeis of this infringement until *almost seven and a half years later*. This is a clear breach of Section 6.1's requirement for notice "with reasonable promptness."

Brandeis has been harmed by Bio-Rad's delay. Although the Agreement gives Bio-Rad first rights to prosecute infringement against third parties (Agreement § 6.3), it allows Brandeis to prosecute infringement if Bio-Rad fails to do so within 90 days of notice. *See* Agreement § 6.2. Since the facts tend to show that Bio-Rad never truly intended to prosecute infringement against Quanterix (choosing instead to write letters for *seven and a half years*), Brandeis should now be free to prosecute infringement against Quanterix. More importantly, because federal patent law limits patent damages to six years before suit, 35 U.S.C. § 286, BioRad's years-late notice

foreseeably truncated Brandeis' recoverable damages period by at *least two years*. *See* 35 U.S.C. § 286 ("[N]o recovery shall be had for any infringement committed more than six years prior to the filing of the complaint."). Had Bio-Rad provided timely notice, Brandeis could have enforced within the full § 286 period and recovered additional damages (e.g. judgment and/or royalty income). The lost two-year recovery is therefore a direct, foreseeable consequence of Bio-Rad's breach. Even in the absence of such harm, Brandeis would be entitled *at least* to a judgment and nominal damages for Bio-Rad's breach. *See Anywhere Commerce, Inc.* v. *Ingenico Inc.*, 665 F. Supp. 3d 181, 207 n.20 (D. Mass. 2023) ("Under Massachusetts law, a person who is injured by a breach of contract has a right to judgment even if the breach caused no harm.") (internal quotation omitted).

Further, this breach is relevant to and supports Brandeis' other existing claims (for breach of the implied covenant of fair dealing and violation of M.G.L. ch. 93A, Am. Compl. Counts III and IV). For example, the implied covenant of good faith and fair dealing protects Brandeis' right to the fruits of the Agreement; conduct "in disregard of known contractual arrangements and intended to secure benefits for the breaching party" may violate both the covenant and Chapter 93A. *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451, 474, 583 N.E.2d 806, 821 (1991). On information and belief, Bio-Rad knew of Section 6.1 when it acquired Raindance, and *certainly* knew of Section 6.1 when the Agreement was amended in March 2019, yet chose not to share its Quanterix concerns with Brandeis. Instead, it deliberately made boilerplate statements in its Annual Reports about "sublicensing efforts," not once mentioning that its efforts with respect to Quanterix arose from serious infringement concerns. By withholding contractually required notice for years while preserving Bio-Rad's own litigation and business options, Bio-Rad acted contrary to the reasonable expectations embedded in § 6.1 of the Agreement. This knowing failure to

5

provide timely notice is one more in a long list of actions by Bio-Rad to deprive Brandeis of its contractual rights (*see* Am. Compl. ¶ 99, Count III) and is further evidence of unethical and unscrupulous conduct. *See* Am. Compl. ¶ 111, Count IV.

### 2.    No Undue Delay, Bad Faith, or Prejudice

Brandeis' request follows closely after Bio-Rad's March 2026 notice and Brandeis' review of the underlying correspondence, so there is no undue delay. *See Amyndas*, 48 F.4th at 39 (reversing denial of leave to amend where movant sought to cure pleading issues within two months of the emergence of new evidence). Nor is there prejudice: the amendment concerns a single claim based on Bio-Rad's own recently disclosed documents; it will not expand the scope of the case or discovery. Accordingly, the amendment should be allowed because any delay in bringing this breach claim is due to Bio-Rad's breach itself (*i.e.*, Bio-Rad's failure to notify Brandeis of Quanterix's infringement until now is both a breach of the Agreement *and* the reason that this claim was omitted from Brandeis' previous complaints).

### CONCLUSION

For the reasons stated above, Brandeis respectfully requests that the Court grant its Motion for Leave to File a Second Amended Complaint.

Dated: April 17, 2026

Respectfully submitted,

**BRANDEIS UNIVERSITY**
By its attorneys,

/s/ *Halima Ndai*
Alfonso Garcia Chan*
Halima Shukri Ndai**
CAHILL GORDON & REINDEL LLP
900 16th Street, N.W., Suite 500
Washington, DC 20006
Telephone: (202) 862-8900
achan@cahill.com

6

hndai@cahill.com

Aaron Dettman*
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3000
adettman@cahill.com

Daniel J. Cloherty (BBO #565772)
Melanie Stallone (BBO 711658)
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
Telephone: 617-481-0160
dcloherty@clohertysteinberg.com
mstallone@clohertysteinberg.com

*Leave to appear pro hac vice granted on October 21, 2025*

**Leave to appear pro hac vice granted on October 24, 2025*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2026, this document was filed through the ECF System of the United States District Court for the District of Massachusetts and will be served electronically on the Registered Participants in the Notice of Electronic Filing.

<u>/s/ *Halima Ndai*</u>
Halima Shukri Ndai